**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| BRUCE ARISTEO,<br><br>Petitioner, | Civil Action No. 16-3458 (RMB) |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY JUSTICE OFFICERS, *et al.*,<br><br>Respondents. | |

On June 15, 2016, Petitioner, an inmate incarcerated in Camden County Correctional Facility, filed a self-styled "Emergent Petition for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner did not use the proper form for the petition nor did he file a properly completed IFP application, as required by Local Rule 82.1. The Court will administratively terminate this matter, but Petitioner will be allowed to reopen the case by paying the five dollar filing fee or by completing the form "Application to Proceed In Forma Pauperis in a Habeas Case," and submitting the proper form for a habeas petition under 28 U.S.C. § 2254.

Petitioner should be aware that after he pays the filing fee or he is granted IFP status, the Court is required, by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." The petition indicates that Petitioner was convicted of stalking in Camden County Court on February 5, 2016, and he filed an appeal of his conviction and sentence, which remains pending. (Pet., ECF No. 1, ¶¶ 12, 14, 18.)

Until Petitioner exhausts his available state court remedies, his petition is subject to dismissal under 28 U.S.C. § 2254(b)(1)(A) and Rule 4. See, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Thus, rather than reopening this matter only to have it dismissed if Petitioner has not exhausted his state court remedies, Petitioner may wish to exhaust his available state court remedies before filing a petition under 28 U.S.C. § 2254.

The Court also notes Plaintiff filed a "Notice of Motion for a Temporary Restraining Order and Preliminary Injunction"

(ECF No. 1-4) with his petition. Therein, Petitioner seeks the following relief:

> Plaintiff moves for a temporary restraining order enjoining any and all State of New Jersey Judicial Officers, County Prosecutors, Attorney General, Parole/Probation Officers, and Law Enforcement from compelling the removal/destruction of Plaintiff's Internet content, including but not limited to, his websites, blogs, vlogs, videos, postings, updates, comments, likes, shares, tweets, re-tweets, and reviews, material to Plaintiff's State and Federal litigations.
>
> . . .

(ECF No. 1-4 at 1.)

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The relief available under § 2254 is release from illegal custody. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). In certain instances, a plaintiff may seek prospective injunctive relief in a civil action to prevent violation of his constitutional rights, but relief is limited by the Younger abstention doctrine. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 843 (describing three requirements

for federal court to abstain from interference in state judicial proceeding to which the federal plaintiff is a party.)[1]

Plaintiff also seeks a preliminary injunction "enjoining all New Jersey Justice Officers to construe statutes within the intent of the legislation and apply First Amendment scrutiny to all New Jersey cases, civil or criminal, involving speech, and from prohibiting, criminalizing, or 'chilling' the free exchange of online protected expression." (ECF No. 1-4 at 2.) Plaintiff is not entitled to such relief in this habeas proceeding. See Rose v. Lundy, 455 U.S. 509, 518 (1982) ("[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, 'which teaches that one court should defer action on causes properly brought within its jurisdiction until the courts of another sovereignty with concurrent powers, already cognizant of the litigation, have had an opportunity to pass upon the matter'") (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

IT IS therefore on this **11th** day of **July 2016**,

[1] The Court notes Petitioner also filed a civil rights complaint under 42 U.S.C. § 1983, related, at least in part, to his present incarceration. See Aristeo v. John Doe Corrections Officers 1-10, Civil Action No. 16-590(RMB) (D.N.J. Feb. 3, 2016).

**ORDERED** that the Clerk shall administratively terminate this action for failure to pay the filing fee or submit a properly completed IFP application, and failure to use the proper form for a habeas petition; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form "Application to Proceed In Forma Pauperis in a Habeas Corpus Case" (DNJ-Pro-Se-007-B-(Rev. 09/09); and a blank form "Petition for Relief From a Conviction or Sentence By a Person in State Custody" (AO 241 (modified):DNJ-Habeas-008(Rev.01-2014)); and it is further

**ORDERED** that, if Petitioner wishes to reopen this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, N.J. 08101; Petitioner's writing shall include either: (1) a complete in forma pauperis application, including a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b); or (2) the $5 filing fee; and a properly completed form "Petition for Relief From a Conviction or Sentence By a Person in State Custody;" and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and administratively terminate this case accordingly.

s/RENÉE MARIE BUMB__________
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**